```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
NEW YORK STATE COUNTY OF NASSAU SUPREME    :
COURT, NASSAU COUNTY DISTRICT ATTORNEY,    :
STATE OF NEW YORK, THE BANK OF NEW YORK    :
MELLON a/k/a THE BANK OF NEW YORK AS TRUSTEE :
FOR THER CERTIFICATE HOLDERS OF CWMBS, INC., :
CHL MORTGAGE PASS THROUGH TRUST 2005-2004  :
MORTGAGE PASS THROUGH CERTIFICATES SERIES  :
2004-05,                                   :
                                           :
                          Plaintiffs,      :
                                           :
           – against –                     :
                                           :
VALERIE LORRAINE POWELL, CHARLES BERNARD   :
POWELL,                                    :
                                           :
                          Defendants.      :
----------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 08 2018 ★

LONG ISLAND OFFICE

SUMMARY ORDER
OF REMAND
18-CV-4079(JFB)(AYS)

JOSEPH F. BIANCO, District Judge:

On July 13, 2018, *pro se* defendants Valerie Lorraine Powell ("V. Powell") and Charles Bernard Powell ("C. Powell" or "defendant") filed a Notice of Removal in this Court together with the $400 filing fee. However, because the Notice of Removal was signed only by C. Powell, by Notice of Deficiency dated July 17, 2018, V. Powell was instructed to sign and return the enclosed copy of the Notice of Removal with fourteen (14) days. V. Powell was advised that, if she did not timely comply, her case would not proceed. To date, V. Powell has not responded to the Notice of Deficiency nor has she otherwise communicated with the Court. Thus, the Court construes the Notice of Removal as having been brought solely by C. Powell, defendant.

Defendant's brief submission is difficult to comprehend. It appears that he is seeking to remove to this Court a mortgage foreclosure action that was commenced in December 2008 in the

1

New York State Supreme Court, Nassau County ("the State Court").[1] For the reasons that follow, this action is summarily remanded to the New York State Supreme Court, Nassau County.

It is well-established that 28 U.S.C. § 1446 requires that a defendant removing an action to federal court must file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders . . . ." 28 U.S.C. § 1446(a). In addition, a "notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service of process or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court . . . whichever period is shorter." 28 U.S.C. § 1446(b). Moreover, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

"[S]tatutory procedures for removal are to be strictly construed," *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and "out of respect for the limited jurisdiction of the federal courts and the rights of the states, we must 'resolv[e] any doubts against removability,'" *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)). "[T]he burden is on the removing party to prove that it has met the requirements for removal." *Ulysse v. AAR Aircraft Component Servs.*, 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (quoting *Codapro Corp. v. Wilson*, 991 F. Supp. 322, 325 (E.D.N.Y. 1998)).

---

[1] Although defendant has included the case number "08-00752" in his Notice of Removal, according to the information maintained by the New York State Office of Court Administration on its website, the correct Index Number for the underlying mortgage foreclosure action involving the Powells is 7502/08. In that case, an order of foreclosure and sale was entered against the Powells on February 1, 2016. The Powells moved in the Appellate Division, Second Department, to stay the sale of the subject premises pending a determination of their appeal, and that motion was denied on May 9, 2018. *See Bank of New York Mellon et al. v. Powell, et al.*, 2018 N.Y. Slip Op. 71859(U) (2d Dep't May 9, 2018). Following the denial of the motion to stay the foreclosure sale, defendant filed the instant Notice of Removal in this Court in an apparent effort to stay the sale.

Here, defendant has not complied with any of these statutory procedural requirements. Rather than file a "short and plain statement of the ground for removal," defendant has filed a seven-page, incoherent Notice of Removal. Notably absent from this submission, however, are copies of "all process, pleadings, and orders" filed in the State Court case, including the complaint. And, given that the State Court case was commenced in December 2008, nearly ten years ago, it is well outside of the statutory time for removal. Moreover, even though the Court instructed V. Powell to sign the Notice of Removal, she has not done so. Accordingly, V. Powell has not joined in or consented to the removal in violation of Section 1446(b)(2)(A)'s requirement. These procedural defects alone support remand. *See* 28 U.S.C. § 1446(a)-(b). (requiring the filing of "all process pleadings, and orders served upon" a defendant in a removed action); *Allstate Ins. Co. v. Zhigun*, No. 03 Civ. 10302(SHS), 2004 WL 187147 (S.D.N.Y. Jan. 30, 2004) (remanding case to state court for failure to comply with the statutory procedural requirements); *Cassara v. Ralston*, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (holding that 28 U.S.C. § 1447(c) authorizes a district court to *sua sponte* remand actions to state court for defects in removal procedure).

In short, it is clear that removal of this case is improper. Accordingly, this action is summarily remanded to the New York State Supreme Court, Nassau County. The Clerk of the Court is directed to: (1) mail a copy of this order to all parties and to the Clerk of the New York State Supreme Court, Nassau County, pursuant to 42 U.S.C. § 1447(c), and (2) close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

Dated: August 8, 2018
Central Islip, NY

Joseph F. Bianco
United States District Judge